UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LARENDA KERN, | CIVIL CASE NO. 2:23-cv-00546 |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| RAUSCH STURM LLP, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** LARENDA KERN ("Plaintiff"), by and through undersigned counsel, complaining of RAUSCH STURM LLP ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and violations of the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Wisconsin and thus a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Milwaukee, Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant Rausch Sturm LLP is a third-party debt collector that specializes in collecting or attempting to collect, directly or indirectly, allegedly defaulted debts owed or due or asserted to be owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Wisconsin. Defendant's principal office is located in Brookfield, Wisconsin.

7. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

8. Prior to the events giving rise to this action, Defendant obtained the right to collect an allegedly defaulted consumer credit card debt owed to Rsidue, LLC, an assignee of Bank First, N.A., totaling more than $2,000 ("subject debt" or "alleged subject debt").

9. On or around May 9, 2022, Defendant mailed a collection notice to Plaintiff attempting to collect the subject debt ("Defendant's letter").

10. Initially, Plaintiff was confused by Defendant's letter as she was unaware of the subject debt nor did she ever have a business relationship with either Rsidue, LLC or Bank First, N.A.

11. On April 14 2023, Plaintiff placed an outgoing call to Defendant to inquire more information regarding the alleged subject debt.

12. During the aforementioned telephone call, Defendant explained that it was collecting an outstanding debt originating from Bank First, N.A. that was party to a lawsuit resulting in a judgement against Plaintiff.

13. Plaintiff explained to Defendant that she was not familiar with the subject debt and never opened an account with Bank First, N.A., at any time.

14. Defendant agreed to notate Plaintiff's dispute of the subject debt and stated that additional information would be mailed to her regarding the subject debt.

15. On April 17, 2023, Plaintiff placed an outgoing call to Bank First, N.A. to inquire more information and to verify that she has not had an account at any point in time with Bank First, N.A.

16. During the telephone call with Bank First, N.A., a Bank First, N.A. representative confirmed that Plaintiff never applied or opened a line of credit with them, thus proving the subject debt never belonged to her.

17. Upon information and belief, Defendant is falsely collecting an amount not owed by Plaintiff.

18. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the amount demanded by Defendant, even though she knew that she was not legally obligated to pay the subject debt.

**DAMAGES**

19. Defendant's misleading and deceptive conduct has severely disrupted Plaintiff's daily life and general well-being as Claimant constantly feared serious consequences.

3

20. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, injury to reputation, local or long distance telephone calls, lost time and money expended meeting and discussing with her attorneys, monitoring her credit files, mental and emotional pain and suffering, and other frustration and aggravation associated with disputing the fraudulent alleged subject debt that does not belong to Plaintiff.

21. Moreover, Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, embarrassment, humiliation, nuisance, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, anxiety, and loss of concentration.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

28. Defendant used the phone and letters to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to a third party were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices.

    a. **Violations of FDCPA §1692e**

31. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed by Plaintiff at the time Defendant demanded payment from Plaintiff as the subject debt was not owed by Plaintiff.

32. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff not owing the subject debt.

33. Defendant knew Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of this, Defendant attempted to dragoon Plaintiff into paying a debt that was not owed.

34. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payments of

5

the subject debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

   b. **Violation of FDCPA §1692f**

35. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject account was not owed at the time Defendant demanded payment, but Defendant's Letter demanded Plaintiff make a payment on subject debt even though it is not her account.

36. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when she did not owed the subject account as it was not Plaintiff's account. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

38. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

39. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff LARENDA KERN respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Enjoin Defendants from further contacting Plaintiff or any other relatives;

   c. Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Award Plaintiff actual damages, in an amount to be determined at evidentiary hearing, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE WISCONSIN CONSUMER ACT
**(Wis. Stat. § 427 *et seq.*)**

40. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. The WCA, Wis. Stat. § 427.101 et seq., regulates debt collection in the State of Wisconsin.

42. The subject debt is a "claim" as defined by Wis. Stat. § 427.103(1).

43. At all relevant times, Defendant was engaged in "debt collection" as defined by Wis. Stat. § 427.103(2).

44. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3), as it is engaging, directly and/or indirectly, in debt collection.

45. Defendant is a "debt collector" as defined by § 427.103(3) of the WCA.

    **a. Wis. Stat. § 427.104(1)(e)**

46. Wis. Stat. § 427.104(1)(e) prohibits a debt collector from "disclosing or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information…"

47. Defendant violated Wis. Stat. § 427.104(1)(e) by disclosing false and inaccurate information to and from Rsidue, LLC, an assignee of Bank First, N.A. on a debt that was never

7

Case 2:23-cv-00546-BHL   Filed 04/28/23   Page 7 of 9   Document 1

owed by Plaintiff. Defendant knew or should have known it was attempting to collect a debt not owed by Plaintiff.

### b. Wis. Stat. § 427.104(1)(f)

48. Wis. Stat. § 427.104(1)(e) prohibits a debt collector from "disclosing or threaten to disclose information concerning the existence of a debt known to be reasonably disputed by the customer without disclosing the fact that the customer disputes the debt."

49. Defendant violated Wis. Stat. § 427.104(1)(e) by disclosing false and inaccurate information to and from Rsidue, LLC, an assignee of Bank First, N.A. on the subject debt that was never owed by Plaintiff.

### c. Wis. Stat. § 427.104(1)(j)

50. Wis. Stat. § 427.104(1)(j) prohibits a debt collector from "Claim[ing], or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

51. Defendant violated Wis. Stat. § 427.104(1)(j) by attempting to enforce a right against Plaintiff with reason to know that Plaintiff did not owe the subject debt nor have any business relationship with Defendant or its predecessors.

52. As set forth above, Defendant repeatedly attempted to collect the subject debt from Plaintiff despite not owing the subject debt.

53. Such conduct was objectively harassing and did in fact harass and abuse Plaintiff and was a blatant attempt to coerce Plaintiff into making a payment on the subject debt not owed.

54. The WCA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

55. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff LARENDA KERN respectfully requests that this Honorable Court:

    a.    a finding that Defendant violated the WCA;

    b.    an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

    c.    an award of additional statutory damages;

    d.    an award of reasonable attorney's fees and cost ; and

    e.    any other relief this Honorable Court deems just and proper.

Dated: April 28, 2023

Respectfully Submitted,

**LARENDA KERN,**

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com